UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES PICKENS, # 157302,

        Plaintiff,                                     Case No. 14-cv-12061

v.                                                     Honorable Thomas L. Ludington

PAUL KLEE,

        Defendant.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner, James Pickens, confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by guilty plea before the Detroit Recorder's Court of one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; one count of unlawfully taking and using an automobile, Mich. Comp. Laws § 750.414; and one count of possession of heroin, Mich. Comp. Laws § 333.7403(2)(a)(v). Petitioner was sentenced to fifteen months to five years on the carrying a concealed weapons charge, fifteen months to two years on the unlawful use of an automobile charge, and sixteen months to four years on the possession of heroin charge. Petitioner claims that the Michigan Department of Corrections ("M.D.O.C.") continues to incarcerate him on these convictions past the expiration date for the sentences. For the reasons that follow, the petition for writ of habeas corpus will be dismissed without prejudice.

**I.**

Petitioner pleaded guilty to the above charges in the Detroit Recorder's Court. On April 4, 1979, Petitioner was sentenced to fifteen months to five years on the carrying a concealed weapons charge and fifteen months to four years on the unlawful use of an automobile charge. On May 16, 1979, Petitioner was sentenced to sixteen months to four years on the possession of heroin conviction. All three sentences were to run concurrent to one another.

Petitioner claims that he was discharged from these sentences on November 19, 1980.

While incarcerated on these convictions, Petitioner pleaded guilty on April 24, 1981 to prison escape and second-degree murder. Under the terms of Petitioner's plea agreement, the escape and murder sentences were to be served concurrently with one another and consecutively with his earlier sentences. Michigan law, however, requires that any escape conviction be served consecutive to all other sentences. When the state trial judge discovered the error in the second degree murder and escape sentence, the judge amended Petitioner's sentence to have the escape charge run consecutive to the second-degree murder conviction, even though this added an additional 3-to-5 years in prison for Petitioner. Petitioner did not learn of the amendment of the sentence until 2002. Petitioner filed a petition for writ of habeas corpus on August 30, 2004, contending that his 1981 plea violated his due process rights. The district court agreed and issued a conditional writ on January 16, 2008, requiring that Petitioner be permitted to withdraw his plea agreement. In lieu of permitting Petitioner to withdraw his guilty plea to both charges, the state court vacated the escape conviction. On appeal, the Sixth Circuit held that Petitioner's due process rights were vindicated by the state court's decision to vacate the escape conviction. *See Pickens v. Howes*, 549 F.3d 377 (6th Cir. 2008).

In 2009, Petitioner learned that he was still serving a sentence on his 1979 convictions. Petitioner sent a letter to Sandra Grant, the M.D.O.C. Records Administrator, informing her that he had been discharged from those sentences. On August 14, 2009, Ms. Grant sent Petitioner a letter, in which she explained that although his escape charge had been vacated, he was still serving a sentence of forty to sixty years on the second-degree murder conviction. Ms. Grant further explained to Petitioner that his second-degree murder sentence had been ordered to be served consecutively to his "A prefix sentences," i.e. his 1979 convictions, and he was thus ineligible for discharge from those sentences. There is no indication from the habeas application that Petitioner has sought relief from the M.D.O.C.'s decision with the Michigan Courts.

Petitioner has now filed a petition for writ of habeas corpus seeking to be discharged from his 1979 sentences.

## II.

The petition for writ of habeas corpus must be dismissed because Petitioner has failed to exhaust his state court remedies.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless Petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect Petitioner's rights. *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley*

*v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A claim by a state prisoner that he or she is being held after the expiration of his or her sentence is not cognizable in federal habeas review, where the claim was not raised as a federal constitutional issue before the state courts. *See Beach v. Mohr*, 27 F. App'x 266, 268 (6th Cir. 2001).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because Petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. *See Peralta v. Leavitt*, 56 F. App'x 534, 535 (2d Cir. 2003); *See also Fast v. Wead*, 509 F. Supp. 744, 746 (N.D. Ohio 1981). In addition, this Court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by Petitioner after 2009. A search of Westlaw online has also failed to reveal any cases filed by Petitioner in the Michigan Court of Appeals or the Michigan Supreme Court after 2009. [1]

---

1    The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270

The exhaustion doctrine, in the context of habeas cases, thus turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Although Mich. Comp. Laws § 600.4310 provides that a prisoner in Michigan cannot use a state petition for writ of habeas corpus as a substitute for an appeal to challenge his or her conviction or sentence, a prisoner in Michigan may file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his or her incarceration because he or she has completed his or her prison sentence. *See Cross v. Department of Corrections*, 103 Mich. App. 409, 414-15; 303 N.W. 2d 218 (1981). Prisoners have also been permitted to maintain a state habeas action to claim that they have been held beyond the legal limit of their sentences. *See Ryan v. Department of Corrections*, 259 Mich. App. 26, 29; 672 N.W. 2d 535 (2003).

Mich.Ct.R. 3.303 (A)(2) states that a habeas action must be brought in the county where the prisoner is detained. Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy Warden*, 142 Mich. App. 774, 779-80; 371 N. W. 2d 862 (1985). There is no limitation on the time in which a complaint for a writ of habeas corpus may be filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Id.* at 779. Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. Mich.Ct.R. 7.301 (A)(2); Mich.Ct.R. 7.302.

---

F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g.*, *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

Petitioner has an available remedy to exhaust in the state courts his claims that the M.D.O.C. is still holding him in custody on an expired sentence. Petitioner is not challenging his conviction or sentence, but instead challenges the authority of respondent to continue his incarceration in light of his allegation that the sentences he received for his weapons, automobile theft, and heroin convictions have expired. Petitioner is challenging the legality of his detention, thus, the state habeas corpus procedures are fully available to him, notwithstanding Mich. Comp. Laws § 600.4310. *See Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991). Because Petitioner has available to him a state remedy in the form of a state habeas corpus action, and because Petitioner has failed to exhaust such remedy, Petitioner's habeas application is subject to dismissal. *Id.*

### III.

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny petitioner a certificate of appealability. A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if Petitioner shows that jurists of reason would find it debatable whether Petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust an available state court remedy with respect to his claims. *See Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: November 21, 2014            s/Thomas L. Ludington  
                                                   THOMAS L. LUDINGTON  
                                                   United States District Judge

- 8 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon James Pickens #157302 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201 by first class U.S. mail on November 21, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS